JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-00316-SB (Ex) | Date: | 2/3/2021 |
|---|---|---|---|

| Title: | *Rowland Heights Mobile Estates v. Diana Xuemei Cheung, et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   *SUA SPONTE* **ORDER REMANDING CASE**

Plaintiff Rowland Heights Mobile Estates ("Plaintiff") filed this unlawful detainer action against Defendants Diana Xuemei Cheung and Ken Meng (together, "Defendants") in Los Angeles County Superior Court on June 25, 2020. (*See* Compl., Dkt. No. 1-1.) Defendants removed the action to federal court on January 13, 2021 on the basis of a federal question. (Not. of Removal, Dkt. No. 1-1.) In their Notice of Removal, Defendants state they "are flesh and blood, living, breathing, sovereign American Citizens on the land." (*Id.*)

## I. DISCUSSION

Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. §§ 1441–55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd. of Cal. v. Construction Laborers*

*Vacation Trust*, 463 U.S. 1, 9 (1983). It is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Plaintiff's Complaint asserts a single cause of action for unlawful detainer under Cal. Civ. Code § 798.56. (*See generally* Compl.) A single claim for unlawful detainer is insufficient to invoke federal jurisdiction. *See Wachovia Mortg., FSB v. Rabb*, No. 2:15-cv-03903-ODW (AS), 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (collecting cases).

If the court determines that it lacks subject matter jurisdiction in which a defendant has improperly removed the case, the federal court must remand the case to state court. 28 U.S.C. § 1447(c); Fed. R. Civ. P 12(h)(3). Accordingly, because no federal question exists, the Court **REMANDS** the case to Los Angeles County Superior Court.

**IT IS SO ORDERED**.